# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 2, 2024

*By ECF and by e-mail*

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *United States v. Jamil Hakime*, 22 Cr. 699 (AT)

Dear Judge Torres:

I write to update the Court concerning one aspect of our sentencing argument: that the horrific conditions at the Metropolitan Detention Center warrant the imposition of a shorter sentence than the Court might otherwise have imposed. In our earlier sentencing submission, we described the brutal conditions of confinement as experienced by Mr. Hakime at the Metropolitan Detention Center. *See* Dkt. No. 33, at 3 (July 6, 2023).

Over the seven months since that filing, the conditions of confinement have only worsened. As Judge Furman recently described:

> [D]ockets of this Court and the Eastern District have been filled with cases in which defendants complaint about near-perpetual lockdowns (no longer explained by COVID-19), dreadful conditions, and lengthy delays in getting medical care. Contraband – from drugs to cell phones – is widespread. At least four inmates have died by suicide in the past three years. It has gotten to the point that it is routine for judges in both this District and the Eastern District to give reduced sentences to defendants based on the conditions of confinement in the MDC. Prosecutors no longer even put up a fight, let alone dispute that the state of affairs is unacceptable.

*See United States v. Chavez*, 22 Cr. 303 (JMF), 2024 WL 50233, at *1 (S.D.N.Y. Jan. 4, 2024).

Honorable Analisa Torres                                              Page 2
February 2, 2024

Re:    *United States v. Jamil Hakime*, 22 Cr. 699 (AT)

Judge Furman catalogued a host of severe problems, highlighting three in particular: the inordinate amount of time inmates are locked in their tiny cells, "prohibited from leaving for visits, calls, showers, classes or exercise," a practice which is "tantamount to solitary or near-solitary confinement, a practice that is increasingly viewed as inhumane"; egregious delays in providing necessary medical and mental health treatment; and the physical deterioration of the facility (describing visible mold, contaminated drinking water, vermin infestation, abundant water damage, electrical malfunctions, and broken emergency call buttons). *See id.* at **5-7.

One major cause of these horrific and arguably unconstitutional conditions of confinement are massive staff shortages, which appear to be increasing. *See id.* at *7 (describing an untenable ten-to-one ratio of correctional officers to prisoners). Not only does the shortage in staff increase the frequency of lockdowns and exacerbate the daily deprivations suffered by inmates, but it also increases the physical danger to both inmates and staff.

Two weeks after Judge Furman filed the *Chavez* opinion, Mr. Hakime witnessed a brutal attack on two inmates in his unit (Unit 72), and it was not the first time he had witnessed violence in his unit. According to Mr. Hakime and several other witnesses (including one of the victims, who is a client of our office), a number of gang-affiliated inmates descended on two people. Armed with knives and other sharp weapons, they repeatedly stabbed the victims. At the time, there was *no officer* in the unit, and it took between five and ten minutes before officers responded. Not only were the two victims severely hurt (one was hospitalized), but Mr. Hakime and other witnesses of the attack have been psychologically scarred, and live in daily fear for their own safety.

Mr. Hakime's medical treatment also continues to be substandard. As previously described, Mr. Hakime requires a CPAP machine for his sleep apnea. While the MDC has provided such a machine, it has failed to regularly provide the distilled water necessary for it to work properly. And, when Mr. Hakime was transferred to a new unit the other week, the available plug for the CPAP machine was not functioning.

For these reasons and those set forth in our sentencing submission, the brutal conditions of confinement as experienced by Mr. Hakime over the 14 months that he has been incarcerated at the MDC support the imposition of a term of time served.

Respectfully submitted,

/s/ _____

Martin Cohen
Assistant Federal Defender
(646) 588-8317

Honorable Analisa Torres                                                                Page 3
February 2, 2024

Re:     *United States v. Jamil Hakime*, 22 Cr. 699 (AT)


cc:     All counsel of record, by e-mail and ECF